Mr. C. Edward Rich Attorney Town of Orange Park Post Office Box 428 Orange Park, Florida 32067-0428
Dear Mr. Rich:
This is in response to your request for an opinion on substantially the following question:
 WHETHER MEMBERS OF THE TOWN COUNCIL MAY SERVE ON THE BOARD OF ADJUSTMENT CREATED PURSUANT TO PART II OF CH. 163, F.S.?
Part II of Ch. 163, F.S., pertains to county and municipal planning for future development. The act authorizes counties and municipalities, among other things, to plan for future development, adopt and amend comprehensive plans to guide future development, adopt and enforce zoning regulations and establish and maintain the boards and commissions provided for therein in order to carry out the provisions and purposes of the act. See, s 163.160(1), F.S. Section 163.180, F.S., provides for the establishment of commissions under the act. Section 163.170(2), F.S., defines "commission" to mean "the planning commission, and, where appropriate, any zoning commission created under the provisions of s. 163.183. . . ." Section 163.220(1), F.S., provides for the creation and composition of a board of adjustment: "As part of the zoning ordinance, the governing body shall create a board of adjustment. The board of adjustment shall have not less than 5 nor more than 10 members. Members of the board of adjustment shall be appointed by the governing body."
In AGO 84-50, this office, after a review of the applicable statutory provisions providing for the establishment of commissions pursuant to s 163.180, F.S., and boards of adjustment created pursuant to s 163.220, F.S., concluded that "the Legislature intended that these entities be separate and distinct inasmuch as their powers and duties relate to different areas of responsibility and insofar as the statutory enabling authority for each is in some respects mutually exclusive of the kind of duality of operation which presently exists with respect to the Orange Park Planning and Zoning Board." That opinion went on to elaborate on that conclusion: "[I]t appears that the Legislature intended that two separate entities were required to effectuate the dual statutory purposes of preparing and continuously reviewing a plan for future development encompassing a wide territorial area on the one hand, and of administering, enforcing and granting exceptions and variances from zoning ordinances enacted pursuant to the plan as applied to particularized individual circumstances on the other hand." Thus, the board of adjustment should be composed as a separate legal entity from other commissions established pursuant to the act.
You have asked the question of whether a member of the town council can serve on the board of adjustment created pursuant to s 163.220, F.S. The answer to your question is clearly set forth in the last sentence of subsection (1) of s 163.220: "No member or alternate member of the board of adjustment shall be a paid or elected official or employee of the governing body involved." See also, AGO 84-50.
Furthermore, even if this statute did not contain this express prohibition, the constitutional dual officeholding provision would prohibit a member of the governing body of a municipality from being appointed to and serving also as a member of the board of adjustment created pursuant to s 163.220, F.S. Section 5(a), Art. II, State Const., provides in relevant part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." This section of the 1968 Constitution substantially reproduces s 15, Art. XVI of the 1885 State Constitution, except that the current provisions were expanded to include municipal officers since decisions under the 1885 Constitution construing s 15 had excluded such officers from its coverage.
It is further my opinion that the ex officio exception to the constitutional prohibition is not applicable to a member of the town council serving in this capacity on the board of adjustment. This exception exists when the enabling legislation authorizing the creation of the board in question designates a member of the governing body of the municipality to serve as a member of the board and thereby imposes additional or ex officio duties upon such municipal officer. See, e.g., the language contained in subsection (1) of s 163.180, F.S., pertaining to the establishment of planning commissions, "Elected officeholders of any of the jurisdictions involved may serve only in an ex officio capacity." (e.s.) The courts have held that the Legislature may constitutionally impose additional or ex officio duties and responsibilities upon a state or local governmental officer. Such legislative designation of state or local officers to perform ex officio the functions of another or second office does not violate the constitutional dual officeholding prohibition. See, Bath Club, Inc. v. Dade County, 394 So.2d 110, 112 (Fla. 1981); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); Amos v. Mathews,126 So. 308 (Fla. 1930). However, my examination of s 163.220, F.S., leads me to the conclusion that the ex officio duty exception to the constitutional dual officeholding prohibition is not applicable to the instant situation. Generally, when the Legislature intends to place additional or ex officio duties upon an officeholder, that office is mentioned or designated as serving on the governing body of the newly created governmental entity. Accord, AGO 81-61 (concluding that members of the city council could not serve on a code enforcement board). Cf., AGO 80-12 and the discussion contained therein regarding s 334.215, F.S. Members of the governing body of a municipality are not statutorily designated as members of the board of adjustment created pursuant to s 163.220, F.S. In fact, members of the governing body creating the board of adjustment are specifically prohibited from being a member or alternate member of the board of adjustment. Compare, the language contained in s 163.180(1), F.S., *2671 set forth above, pertaining to planning commissions.
It is therefore my opinion that members of the town council of the Town of Orange Park may not serve on the board of adjustment created pursuant to s 163.220, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General